[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
This is an action sounding in medical malpractice. The plaintiff CT Page 14917 parents, Jacqueline and Garrett Benton, seek damages arising from the alleged malpractice of two sets of defendants, both involved in the delivery of their child Alexander Benton. The gravamen of the complaint, the allegations of which of course must be accepted as true for the purposes of this motion, is that during the course of delivery a vacuum extractor was used to attempt, unsuccessfully, to deliver the child. As a result, the child suffered an excessive amount of bleeding from the top of his head and severe injury resulted. The complaint alleges that professional negligence on the part of two sets of defendants caused the damage.
Three of the counts of the complaint are the subject of the instant motion.[1] Counts four and six allege bystander emotional distress suffered by Jacqueline and Garrett, respectively, and the seventh count alleges loss of filial consortium.[2]
A motion to strike tests the legal sufficiency of a pleading. Ferrymanv. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the nonmoving party. Rowev. Godou, 209 Conn. 273, 278 (1988); Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). If facts provable under a complaint, together with reasonable inferences drawn in a light most favorable to the nonmoving party, would support a cause of action, the motion to strike must be denied. Waters v. Autuori, 236 Conn. 820, 825-26
(1996).
The defendants argue that actions for bystander emotional distress were prohibited in the context of medical malpractice actions by Maloney v.Conroy, 208 Conn. 392 (1988), and that Maloney was not overruled or made inoperative by Clohessy v. Bachelor, 237 Conn. 31 (1996). The plaintiffs argue, in essence, that Clohessy unequivocally established the standards for bystander emotional distress claims and, although it did not expressly overrule Maloney, it was not inconsistent with Maloney in any event. Both positions have support in logic, and decisions of the Superior Court have split on the issue. The question has not been decided by binding appellate authority.
In Maloney the daughter of an alleged victim of medical malpractice visited her failing parent in the hospital and witnessed her decline and ultimate demise; she brought a cause of action based on bystander emotional distress. At that time, our Supreme Court had been considering the validity of bystander emotional distress claims in general; see, e.g., Amodio v. Cunningham, 182 Conn. 80 (1980); and although there were significant hints that in the right case it might approve of the cause of action, that case had not yet arisen. The Supreme Court in Maloney
CT Page 14918 decided that this was not such a case, either. The court reasoned that if bystanders were allowed to raise claims for emotional distress in the context of medical malpractice, then medical providers would be likely to restrict visitation policies and their treatment practices may be influenced by the specter of bystander distress claims. Maloney v.Conroy, supra, 402-03. The court held that "[w]hatever may be the situation in other contexts where emotional distress claims arise, we are convinced that, with respect to such claims resulting from malpractice on another person . . . there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id. at 402.
The court concluded, "We are persuaded that the recognition of a cause of action under the circumstances pleaded in the complaint would have consequences detrimental to the community as a whole that outweigh the benefit a few hypersensitive individuals would be likely to derive from permitting such an action to proceed." Id., at 404.
Clohessy, supra, established the validity of bystander emotional distress actions in this jurisdiction and established four elements of the cause of action: (1) the plaintiff must be closely related to the victim; (2) the emotional injury must be caused by contemporaneous or nearly contemporaneous sensory perception of the event causing injury to the victim; (3) the injury to the victim must be substantial, resulting in death or serious physical injury; and (4) the bystander's emotional injury must be serious. Clohessy v. Bachelor, supra, at 56. Because the issue of bystander emotional distress involves to a large extent the concept of duty and foreseeability, it made sense to the court to limit, perhaps somewhat arbitrarily, the range of bystander emotional distress claims which could be maintained. Clohessy arose out of an automobile accident and had nothing to do with medical malpractice.
The cases relied on by the plaintiff stress that, although Clohessy did not overrule Maloney, it also did not suggest Maloney's continuing validity. More importantly, these cases argue, there was no reason expressly to overrule Maloney because the latter case's fucts would not pass muster under Clohessy in any event. In Maloney, there was no contemporaneous witnessing of the event of malpractice alleged; rather, the plaintiff only observed a gradual, though undoubtedly unfortunate, wasting.
I disagree with those cases which hold that Maloney no longer prohibits bystander emotional distress claims in the context of medical malpractice actions. As noted above, Maloney was not decided on the ground that there was no contemporaneous perception of the alleged malpractice, nor even on the ground that bystander distress claims were generally prohibited. CT Page 14919 Rather, the court specifically held that regardless of the validity of bystander distress actions in other contexts, the cause of action cannot be maintained, for the policy reasons mentioned therein, in the context of medical malpractice. It is clear, it seems, that Clohessy answered the question of the validity of bystander distress actions in other contexts, but it would not seem to have done anything to affect the invalidity of bystander distress claims in the context of alleged medical malpractice.
The motion to strike counts four and six are granted. It is unnecessary to consider the defendants' second ground for the motion.
Beach, J.